946 F.2d 899
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
VIEJAS GROUP OF the CAPITAN GRANDE BAND OF MISSION INDIANS,
aka Viejas Band of Missions Indians, a
federally-recognized Indian Tribe,
Plaintiff-Appellee,
v.
Virginia HILL, Angela Mesa, Donna Hill, He Shields Him
Aguilar, Jenna Aguilar, Candice Albright, Brian
Albright, Joshua Albright, Joselyn
Albright, Defendants-Appellants.
 No. 86-6701.
 United States Court of Appeals, Ninth Circuit.
 Argued July 8, 1987.
Decided Oct. 21, 1991.
 
 Before JAMES R. BROWNING, FLETCHER and POOLE, Circuit Judges.
 
 
 1
 ORDER*
 
 
 2
 The above case is submitted for decision. We affirm in part and remand for dismissal in part.
 
 
 3
 The Viejas Group is a federally recognized Indian tribe living on a federally created reservation. The Tribe is governed in part by its general council (all tribe members over the age of 18) and in part by its tribal council (a smaller group of tribe members). The tribal council passed an ordinance requiring non-members who reside on the reservation to register with the tribe. Many non-members did register, but the appellants did not.
 
 
 4
 The tribe responded by filing this action seeking ejectment of appellants as trespassers and a declaration that the tribe could enforce its ordinance in federal court. The district court awarded the tribe summary judgment on both causes of action.
 
 
 5
 "Nonmembers who lawfully enter tribal lands remain subject to the tribe's power to exclude them ... [or] place conditions on entry...." Merrion v. Jicarilla Apache Tribe, 455 U.S. 130, 144 (1982). It is undisputed that the tribe has beneficial title to the land. It is also undisputed that the defendants have no legal or equitable claim to the land. It is clear the tribe wishes to exclude the appellants; the service of the ejectment complaint upon the appellants makes this clear. Hence, the tribe was entitled to the judgment ejecting the appellants.
 
 
 6
 The claim for declaratory relief did not state a case or controversy. "The Constitution limits the exercise of judicial power to 'cases' and 'controversies.' " Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239 (1937). Courts may not address issues "of a hypothetical or abstract character." Id. at 240. The tribe is entitled to ejectment of the appellants regardless of the enforceability of its ordinance. Thus, the only remaining question is the abstract legal issue of whether the ordinance is judicially enforceable. Resolution of this question has no impact on the dispute between the parties. Accordingly, the claim for declaratory relief is remanded with instructions to dismiss for lack of jurisdiction.
 
 
 7
 AFFIRMED IN PART AND REMANDED FOR DISMISSAL IN PART.
 
 
 
 *
 This order is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3